**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ADRIAN MARTINEZ, SMOKE BBQ + SKYBAR 78202 LLC, SMOKE BBQ + SKYBAR 78259 LLC, SMOKE BBQ + SKYBAR 78402 LLC, SMOKE BBQ + RIVERBAR 78205 LLC, SMOKE THE RESTAURANT EAST COMMERCE LLC, AND SKYLINE VENUE 78202 LLC, *Movants* | § | Case No. SA-26-MC-03943-XR |
| v. | § | |
| BRYAN GRUNDHOEFER, MARIA S. CHAVEZ, MIGUEL GUTIERREZ, *Respondents* | § | |

**ORDER**

On this date, the Court considered Adrian Martinez, Smoke BBQ + Skybar 78202 LLC, Smoke BBQ + Skybar 78259 LLC, Smoke BBQ + Skybar 78402 LLC, Smoke BBQ + Riverbar 78205 LLC, Smoke the Restaurant East Commerce LLC, and Skyline Venue 78202 LLC's ("Movants" or "Defendants") motion to withdraw the reference of this adversary proceeding from the bankruptcy court (ECF No. 1). After careful consideration, the Motion is **GRANTED IN PART AND DENIED IN PART.** The Court will withdraw the reference as to the jury trial but not as to pretrial proceedings.

**BACKGROUND**

**I. The Underlying Case**

Movant Smoke + Skybar 78202 LLC ("Debtor") is a bar/restaurant that filed a voluntary petition for bankruptcy relief under Chapter 7 of Title 11 of the United States Code. *See* ECF No. 1

at 4. The other movants are associated entities and one of Debtor's owners. *Id.*; *Grundhoefer v. Martinez, No.* 26-05006-mmp, ECF No. 4 at 6 (Bankr. W.D. Tex. Jan. 27, 2026).

At the time Debtor filed for bankruptcy, it was a defendant in a state-court case brought by Maria S. Chavez and Bryan Grundhoefer ("Plaintiffs"). *See* ECF No. 1 at 4. Plaintiffs removed that case to federal bankruptcy court on January 27, 2026, because the damages they seek will affect the bankruptcy estate. *See Grundhoefer v. Martinez, No.* 26-05006-mmp, ECF No. 1 at 9 (Bankr. W.D. Tex. Jan. 27, 2026). That removal created the adversary proceeding underlying this motion. *See id*. In their notice of removal, Plaintiffs requested a jury trial and consented to the entry of final orders or judgments by the bankruptcy court. *See Grundhoefer, No.* 26-05006-mmp, ECF No. 1.

Movants, who are the defendants in the adversary proceeding, moved to remand to state court in February 2026, because they wanted a jury trial and had spent significant time litigating this case in state court. *See* ECF No. 1 at 3. The bankruptcy court denied the motion. *See* ECF No. 1-2 at 6. On May 13, 2026, Defendants demanded a jury trial but did not consent to final judgment in bankruptcy court.

The Operative Complaint in the adversary proceeding includes state-law claims for breach of promissory note, fraudulent transfer, constructive fraudulent transfer, breach of fiduciary duty, fraud, fraudulent inducement, and declaratory judgment. *See Grundhoefer v. Martinez, No.* 26-05006-mmp, ECF No. 4 at 11-19 (Bankr. W.D. Tex. Feb. 10, 2026). It seeks damages, a constructive trust, declaratory relief, exemplary damages, pre- and post-judgment interest, court costs, and attorneys' fees. *Id.* at 25–26.

## II. Legal Background

"A bankruptcy court's jurisdiction extends to 'all civil proceedings arising under title 11, or arising in or related to cases under title 11." *In re Spillman Dev. Grp., Ltd.,* 710 F.3d 299, 304 (5th Cir. 2013). That includes any proceeding that "could conceivably have any effect on [an] estate being administered in bankruptcy." *Id*. But bankruptcy judges are not Article III judges; rather, the bankruptcy courts are organized as "unit[s] of the district court." *In re Clay*, 35 F.3d 190, 193 (5th Cir. 1994) (quoting 28 U.S.C. § 151). As a result, matters must be referred to bankruptcy judges.

This district has a general order providing—with exceptions not relevant here—for automatic referral to the bankruptcy court of "[a]ll bankruptcy cases and proceedings filed under Title 11 of the United States Code, or arising from or related to any case or proceeding filed under Title 11." *See Order of Reference of Bankruptcy Cases and Proceedings* (Oct. 4, 2013), U.S. Dist. Ct. for the W. Dist. of Tex., https://www.txwd.uscourts.gov/wp-content/uploads/2022/12/Order-of-Reference-of-Bankruptcy-Case-Proceedings-10-04-2013.pdf. As further outlined below, a district judge can withdraw a reference from the bankruptcy court under certain circumstances.

## III. This Motion

Defendants ask this Court to withdraw the reference of this adversary proceeding from the bankruptcy court, pursuant to 28 U.S.C. § 157(d). They argue that (1) Section 157(d) requires withdrawal because "resolution of the proceeding requires consideration of both bankruptcy and other non-bankruptcy laws regulating organizations or activities affecting interstate commerce," *see* ECF No. 1 at 4, and (2) if withdrawal is not mandatory, the Court should still grant it because doing so will expedite bankruptcy proceedings while preserving Movants' right to a jury trial. *See* ECF No. 1 at 6.

## MANDATORY WITHDRAWAL

Withdrawal is mandatory under Section 157(d) if a movant files a timely motion establishing "that the proceeding involves a 'substantial and material' question of both Title 11 and non-Bankruptcy Code federal law and that the non-Code federal law has more than a *de minimis* effect on interstate commerce." *Sibarium v. NCNC Tex. Nat'l Bank*, 107 B.R. 108, 111 (N.D. Tex. 1989); *In re Electro-Mech. Indus., Inc.*, No. 07-36393, 2018 WL 6587299, at *3 (Bankr. S.D. Tex. Feb. 20, 2018) (quoting *In re Nat'l Gypsum Co.*, 145 B.R. 539, 541 (N.D. Tex. 1992)). The district court must determine that the non-Title 11 issues require "substantial and material" consideration and "significant interpretation" of federal law. *Sibarium*, 107 B.R. at 111 (quoting *Block v. Anthony Tammarro, Inc. (In re Anthony Tammarro),* 56 B.R. 999, 1007 (D.N.J. 1986)). "Withdrawal should not be made based on speculation about issues which may or may not arise and may or may not be germane to resolution" of the case. *Id*. (cleaned up) (quoting *In re White Motor Corp.,* 42 B.R. 693, 705 (N.D. Ohio 1984)); *see also Rodriguez v. Countrywide Home Loans, Inc*., 421 B.R. 341, 347–48 (S.D. Tex. 2009).

## MANDATORY WITHDRAWAL – ANALYSIS

Movants argue that because the claims in the adversary proceeding will require interpretation of state law and because Movants' organizations affect interstate commerce, the reference must be withdrawn. *See* ECF No. 1 at 7. But for withdrawal to be required under Section 157(d), a movant must show that non-bankruptcy issues of *federal law* will require significant interpretation. 28 U.S.C. § 157(d) ("The district court shall, on timely motion of a party, . . . withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws *of the United States* regulating organizations or activities affecting interstate commerce." (emphasis added)); *Sibarium,* 107 B.R. at 111; *see also*

*Rodriguez*, 421 B.R. at 347; *Southern Pacific Transp. Co. v. Voluntary Purchasing Groups, Inc.*, 252 B.R. 373, 382 (E.D. Tex. 2000). Here, Defendants argue that the adversary proceeding will require application of *state* law. *See* ECF No. 1 at 5. Defendants have not shown how their claims meaningfully implicate non-bankruptcy federal law.

**DISCRETIONARY WITHDRAWAL**

Section 157(d) allows, but does not require, a district court to withdraw a reference from the bankruptcy court "for cause shown." Factors to consider in a discretionary withdrawal include (1) expediting the bankruptcy process, (2) promoting uniformity in bankruptcy administration, (3) reducing forum shopping, (4) judicial economy, and (5) fostering economical use of Defendants' and Plaintiffs' resources. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985).

**DISCRETIONARY WITHDRAWAL – ANALYSIS**

Defendants argue that discretionary withdrawal is proper because this case involves factual and legal disputes that—according to Defendants—have very little to do with Debtor's bankruptcy. *See* ECF No. 1 at 6. However, because the claims "could conceivably have an[] effect on the estate being administered in bankruptcy," they are properly before the bankruptcy court's expert judge. *See Spillman Dev. Grp.*, 710 F.3d at 304–05 (explaining that even attenuated or hypothetical effects on a bankruptcy estate can give rise to bankruptcy jurisdiction). Maintaining all disputes regarding the bankruptcy estate in the court managing that estate would improve judicial economy and expedite the bankruptcy process.

Movants have not meaningfully explained why this Court would be a more appropriate forum. They simply assert that the adversary proceeding is "full of factual and legal disputes" and that it would be preferable for "a Judge that is familiar with substantive non-bankruptcy statutes"

to resolve the case. ECF No. 1 at 8. But those general statements do not establish "cause shown" for withdrawal. There is no reason to think that the bankruptcy court cannot ably resolve factual and legal disputes or address the relevant statutes.

The most economical use of Defendants' and Plaintiffs' resources—and the best approach for judicial economy—is keeping the matter with the bankruptcy judge already administering the estate. Further, this case has already changed forums once. *See Grundhoefer*, No. 26-05006-mmp, ECF No. 1. The state-court case was litigated for one and a half years before the Motion to Remand in February 2026. *See* ECF No. 1 at 5. Another forum change would only cause more delay.

**JURY TRIAL – LEGAL STANDARD**

Withdrawal can also be mandatory if a party demands a jury trial to which they are constitutionally entitled but refuses to consent to entry of a final judgment by the bankruptcy court. *See In re Blackwell ex rel. Est. of I.G. Servs., Ltd.*, 267 B.R. 724, 729–30 (Bankr. W.D. Tex. 2001). If a party refuses to consent to final judgment in bankruptcy court, the bankruptcy judge must "prepare a report and recommendation [(R&R)] to the district court." *Id.* at 729 (citing 28 U.S.C. § 157(c)(1)). The R&R "enjoys the right to *de novo* review, to the extent" a party challenges it. *Id.* If a jury trial occurred, the R&R would "have to incorporate the jury's findings of fact." *Id.* The district court would thus have to review the jury findings, which would "perforce violate[] the Seventh Amendment's prohibition on the retrial of any matter decided by a jury." *Id.* To avoid this constitutional problem, if a party is entitled to a jury trial but refuses to consent to the entry of a final judgment by the bankruptcy judge, a district court must withdraw the reference as to the trial.

However, "[t]he district court may withdraw, *in whole or in part*, any case or proceeding . . . for cause shown." 28 U.S.C. § 157(d) (emphasis added). So a bankruptcy judge can continue to administer the bulk of the case while an Article III judge withdraws only the jury

trial portion. *See GenOn Mid-Atlantic Dev., LLC v. Natixis Funding Corp.,* No. 4:19-cv-3078, 2020 WL 429880, at *1 (S.D. Tex. Jan. 28, 2020); *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101–02 (2d Cir. 1993); *Blackwell*, 267 B.R. at 731.

**JURY TRIAL – ANALYSIS**

Defendants have demanded a jury trial and have not consented to final judgment by a bankruptcy judge. *See* ECF No. 1 at 3. Defendants are guaranteed their Seventh Amendment right to a trial by jury and have not waived that right. *See White v. White*, 704 S.W.3d 250, 274 (Tex. App.—El Paso 2024, no pet.) ("[A] party is entitled to a jury trial on a tort claim for breach of fiduciary duty."); *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109, 120 (2024) ("[I]t is well established that common law claims must be heard by a jury."). So the jury-trial portion of this case must be withdrawn. But because, as described above, other factors weigh in favor of this case proceeding in bankruptcy court, the case will remain with that court for all pretrial proceedings.

**CONCLUSION**

For the aforementioned reasons, Defendants' motion for withdrawal of the reference (ECF No. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court **WITHDRAWS** the reference of the jury-trial portion of this case; any jury trial in this case will be conducted before this Court. The case otherwise remains referred to the bankruptcy court. The posture of the case will be essentially identical to that when a district judge refers a case to a magistrate judge for all pretrial purposes. *See GenOn Mid-Atl. Dev., LLC*, 2020 WL 429880, at *1.

The Clerk is **DIRECTED** to assign a civil cause number to the underlying action and directly assign that case to the undersigned. The Parties are **ORDERED** to file an advisory in the new civil case when this case is either resolved or ready for a jury trial.

The Clerk is **FURTHER DIRECTED** to close this case (5:26-mc-3493-XR).

The Court further finds the underlying case is appropriate for administrative closure. *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay . . . .").

The Clerk's office is therefore **DIRECTED** to **ADMINISTRATIVELY CLOSE** the newly created civil case pending further order of the Court. Though administratively closed, the case will still exist on the docket of this Court and may be reopened upon request or on the Court's own motion. Parties may continue to file motions and documents in the case.

It is so **ORDERED**.

**SIGNED** this 11th day of September, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE